IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID BROWN, )
 )
                Petitioner, )
 )
v. )   Case No. 22-3290-JWL
 )
COMMANDANT, United States )
Disciplinary Barracks, )
 )
                Respondent. )
 )
_____)

**MEMORANDUM AND ORDER**

This matter comes before the Court on the *pro se* petition for habeas relief under 28 U.S.C. § 2241 filed by prisoner David Brown. In compliance with the Court's order, respondent filed a pre-answer response addressing only the issues of jurisdiction and exhaustion, and petitioner filed a reply thereto. For the reasons set forth below, the Court concludes that it lacks jurisdiction to consider this Section 2241 petition, and it therefore **dismisses** the petition.[1] In light of this decision, petitioner's additional motions (Doc. ## 2, 3, 4, 5, 11) are hereby **denied as moot**.

Petitioner was convicted and sentenced by a court martial, but he is presently incarcerated at USP-Marion, a federal penitentiary in Illinois operated by the Bureau of Prisons (BOP). *See* 10 U.S.C. § 858(a) (sentence of confinement imposed by court martial

---

[1] In light of this conclusion, the Court declines to address respondent's argument that petitioner failed to exhaust administrative remedies as required.

may be executed in any federal facility). In his petition, in which he names the Commandant of the United States Disciplinary Barracks (USDB) as the respondent, petitioner claims that he should have been given certain days of credit for work abatement, and he raises other issues relating to clemency and parole proceedings.

The Court first determines its jurisdiction to consider the merits of the petition. Respondent argues that the Court lacks jurisdiction because petitioner was required to file his Section 2241 petition in Illinois, where he is imprisoned. Petitioner argues that this Court may exercise jurisdiction because he has named the Commandant of the USDB in Kansas as the respondent and because USDB officials are responsible for his sentence and its computation.

The Supreme Court addressed this issue at some length in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). The Supreme Court first noted that the relevant statutes provide that the proper respondent to a habeas petition is the person with immediate physical custody of the petitioner. *See id.* at 434-35 (citing 28 U.S.C. §§ 2242, 2243). Thus, "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *See id.* at 435. The Court rejected the argument that the respondent may be the person with the legal reality of control over the petitioner. *See id.* at 437-42. The Court then noted that a district court is limited by stataute to granting habeas relief within its own jurisdiction, which limitation requires jurisdiction over the petitioner's custodian. *See id.* at 442 (citing, *inter alia*, 28 U.S.C. 2241(a)). The Court stated: "The plain language of the habeas statute thus confirms the general rule that for

2

core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *See id.* at 443. The Court rejected the argument that jurisdiction could lie wherever there may be jurisdiction over the respondent (through a long-arm statute, for instance). *See id.* at 443-46. Summing up, the Court announced the following rule: "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file his petition in the district of confinement." *See id.* at 447. Moreover, and most significantly for purposes of the present petition, the Court noted that this bright-line rule, *see id.* at 449, has been consistently applied in the context of military detentions. *See id.* at 447.

By his habeas petition in this case, petitioner raises issues challenging aspects of the sentence for which he is presently in physical custody. Therefore, in accordance with the Supreme Court's bright-line rule in *Padilla*, petitioner was required to name his warden at USP-Marion as the respondent and to file the petition in the Southern District of Illinois. Accordingly, this Court lacks jurisdiction to consider the petition.

Petitioner does not identify any recognized exception to this rule that would apply to his situation. Nor has petitioner cited any favorable authority involving a military prisoner confined in a BOP facility. *See Curry v. Fischer*, 2010 WL 1994843, at *3 (D. Minn. Apr. 21, 2010) (report and recommendation) (recognizing *Padilla* rule in the context of a habeas petition filed by a military prisoner housed in a BOP facility), *adopted*, 2010 WL 1994840 (D. Minn. May 18, 2010). In his reply, petitioner has cited cases – including *Johnson v. Cain*, 2021 WL 4476786 (D. Kan. Sept. 30, 2021) (Crow, J.) – in which the

3

district court exercised jurisdiction over a state-court prisoner convicted and sentenced in the forum state who was being housed in another state through a contractual arrangement. Those courts concluded that such unique circumstances allowed for an exception to the general rule, and they relied on *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). *See, e.g.*, *Watson v. Figueroa*, 2008 WL 2329106 (W.D. Okla. June 3, 2008) (adopting report and recommendation); *Johnson v. Cain*, 2021 WL 4476786, at *1 (citing *Watson*). *Braden*, which involved a state-court prisoner, was distinguished by the Supreme Court in *Padilla*, however, as a case involving a challenge to a future detainer, which meant that the habeas petitioner was not challenging his present physical confinement. *See Padilla*, 542 U.S. at 438. Moreover, the court recognized in *Watson* that at least one court had refused to recognize an exception in that state-prisoner context in light of *Padilla*. *See Watson*, 2008 WL 2329106, at *7-8 (citing *Hickam v. Janecka*, 2007 WL 2219417, at *6 (D.N.M. May 7, 2007)).

In the end, this Court need not decide which line of cases to follow in the context of a state-court prisoner because the present case does not present that scenario. Even if *Braden* could provide authority for an exception for a state-court prisoner, there is no authority supporting any exception for a military prisoner housed in a federal facility, and this Court is loath to create an exception to the Supreme Court's bright-line rule in the absence of supporting authority. Indeed, even in *Watson* the court recognized that *Padilla*

4

settled the issue in the case of a federal prisoner filing a Section 2241 petition. *See id.* at *4.[2]

Thus the Court applies the rule from *Padilla*, which renders irrelevant, for the purpose of determining jurisdiction, the fact that officials in Kansas may have some authority over petitioner and his sentence. Petitioner is confined outside Kansas; therefore, this Court lacks jurisdiction to consider his Section 2241 petition, which must therefore be dismissed.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas relief under 28 U.S.C. § 2241 is hereby **dismissed** for lack of jurisdiction. Petitioner's additional motions (Doc. ## 2, 3, 4, 5, 11) are hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 15th day of December, 2022, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] In addition, the present case does not involve the possibility, present in the state-court prisoner cases, that the state of confinement would lack incentive to uphold a sentence imposed by another state. In the case of a military prisoner housed in a federal facility, the United States is the ultimate party in interest with incentive to defend the sentence whether the petition is filed in the place of confinement or in some other district.